Erika Birch (Bar No.7831)
Charles Johnson (Bar No. 10101)
**BIRCH HALLAM HARSTAD & JOHNSON**
1516 W. Hays St.
Boise, ID 83702
(t) 208.336.1788
(f) 208.287.3708
*erika@idahojobjustice.com*
*chad@idahojobjustice.com*

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **ALLISON BUTLER**,<br><br>    Plaintiff,<br><br>vs.<br><br>**CITY OF CALDWELL, CALDWELL POLICE DEPARTMENT, a municipality; and CHIEF REX INGRAM, in his individual capacity.**<br><br>    Defendants. | **JOINT DISCOVERY PLAN**<br><br>Case No. 1:25-CV-00067-DKG<br><br>Magistrate Judge Debora K Grasham |

I.  Preservation

   a. **Preservation & Proportionality:** The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

   b. **Electronically Stored Information (ESI):** With regard to ESI, the parties agree that:

i. **Date Range:** Only ESI created or received between January 1, 2022 and Present will be preserved;

ii. **Scope of Preservation:** The parties agree to:

1. Preserve the Following Types of ESI

    a. Digital documents, Drafts, Emails, Text Messages, Instant Messages, all modes communication, BlueTeam records, IAPro records, and other Correspondence, Employment documents, other relevant documents

2. From the Following Custodians or Job Titles:

    a. HR Director– regarding employee files, city policies, discipline, and all other potentially discoverable information

    b. IT Director - regarding city computer systems, digital information, email and instant messages, work-issued phones and computers, and all other potentially discoverable information

    c. IA Captain - regarding police investigations and all other potentially discoverable information

    d. Chief Ingram – regarding department and personal materials (including his private cell phone or other personal devices) and all other potentially discoverable information

  e. Mayor Wagoner – regarding city and personal materials (including his private cell phone or other personal devices) and all other potentially discoverable information

  f. Command Staff – regarding all potentially discoverable information

  g. All employees in Allison Butler's Chain of Command – regarding all potentially discoverable information

  h. Plaintiff Allison Butler, including all personal communication and storage devices

3. From the Following Systems, Servers, or Databases

  a. Windows

  b. Microsoft Office Suite (Including Word, Excel, etc..)

  c. Microsoft SharePoint and other cloud storage solutions

  d. Adobe cloud storage

  e. Physical Information Storage devices (such as servers and computers with local storage)

  f. IAPro

iii. **ESI Retention Protocols:** Going forward, the parties agree *modify/not to modify* their document and ESI retention/destruction protocols.

 1. Defendant City of Caldwell will modify its Record Policy as necessary to ensure any automatic destruction of records is put on hold for any relevant and potentially relevant documentation in this case.

    iv. **Cost Sharing:**

        The parties agree to bear their own costs for preservation of e-discovery

II. Initial Disclosures

    a. The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the following dates:

- Plaintiffs:  June 24, 2025
- Defendants: June 24, 2025

III. Scope of Discovery

    a. **Scope:** Discovery is necessary on the following subjects/issues:

- For Plaintiff:
    1. Employment Investigations;
    2. Written & Verbal Communications;
    3. Employment Policies.
    4. Employment Trainings;
    5. Employee Travel
    6. Personnel Files;
    7. IA Files, Communications, Reports and Outside Investigations
    8. HR Documents
    9. All documents relevant to claims and defenses
- For Defense:
    10. Plaintiff's claims against Defendants;
    11. Plaintiff's mitigation of damages;

      12. Plaintiff's non-privileged communications with any individual (other than legal counsel) regarding Defendants' alleged actions, claims of wrongdoing, grievances, etc.;

      13. Plaintiff's damages (including medical and psychological);

IV. <u>Discovery Boundaries</u>

    a. **<u>Limits:</u>** The parties agree to limit the number of discovery tools as follows:

      ☒Depositions:      As limited by the FRCP

      ☒Interrogatories:      25 per side

      ☒Requests for Production:      As limited by the FRCP

V. <u>ESI</u>

    a. ***<u>Proportionality</u>****: Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:*

- *from more than 15 key custodians;*
- *that was created before January 2022; or*
- *from sources that are not reasonably accessible without undue burden or cost;*

    b. **<u>ESI File Format:</u>** The parties agree to produce documents in the following file format[s] *[check any that apply]*:

      ☒PDF;

      ☐TIFF;

      ☒Native; and/or

      ☐Paper.

c. **ESI Production Format:** The parties agree that documents will be produced *[check any that apply]*:

☒with logical document breaks;

☒as searchable;

☐with load fields enabling review in common litigation databases such as Summation and Concordance; and

☒with metadata when specifically requested.

d. **ESI Search Methodology**: The parties have agreed to use the following search methodology:

☐Predictive coding (or technology assisted review);

☒ Keyword search; and/or

☒Other: For some requests, all communications between certain parties within a particular narrow timeframe may be appropriate (as discussed by the parties or designated in the request).

e. **Search Methodology – Transparency:** The parties agree that they will share their search methodology for responding to requests for production of ESI to the including what search methodology and tools were used, how long the search(es) took, what additional methodology and results could be used within the system used.

f. **General ESI Production vs. E-mail Production:** The parties agree that general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or

**6 | JOINT DISCOVERY PLAN**

    compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

g. **E-mail Custodian List Exchange:** On or before *May 27, 2025,* the parties agree to exchange lists identifying (1) likely e-mail custodians, and (2) a specific identification of the *[15]* most significant listed e-mail custodians in view of the pleaded claims and defenses.

h. **Discovery Re E-mail Custodians, Search Terms & Time Frames:** Each requesting party may propound up to *[5] additional* written discovery requests and take *[one] additional* deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

i. **Form of E-mail Production Requests:** E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

j. **Limits on E-mail Production Requests – Custodians:** Each requesting party shall limit its e-mail production requests to a total of *[15]* custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave.

k. **Limits on E-mail Production Requests – Keyword Search Terms:** Each requesting party shall limit its e-mail production requests to a total of *[15]* keyword search terms per custodian per party. The parties may jointly agree to modify this

        limit without the court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

    l. **Liaison:** Each party will identify a Liaison who is responsible for, and knowledgeable about (or has access to a person knowledgeable about), that party's ESI. This includes the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the Liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

VI. Deadlines

    a. The deadline for the completion of fact discovery is: May 21, 2026.

    b. The deadline for completion of expert witness discovery is: June 25, 2026.

Phased Discovery

The parties agree to conduct discovery in phases as follows:

**First Phase of Discovery:** During the first phase, the parties will conduct discovery to include written discovery to each party and depositions of each party and any key witnesses.
**Review for ADR:** Following the first phase, the parties will convene to discuss the possibility of resolving the case through ADR. If the parties decline to conduct ADR or are unsuccessful in resolving the matter through ADR, they will conduct the Second Phase of Discovery.

**Second Phase of Discovery:** During the second phase, the parties will conduct discovery on all remaining issues.

VII. Documents Protected From Discovery

    a. **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to

       enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its scheduling order unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

   b. **Quick Peek:** The parties

> ☒ [agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case]
> ☐ [agree to a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) as set forth herein: _____ ].

   c. **Post-Complaint Communications:** Communications involving Defendant's trial counsel that post-date termination of Plaintiff's employment need not be placed on a privilege log. Communications with Plaintiff's trial counsel need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

VIII.   Protective Order

   a. The parties intend to agree to the terms of a Protective Order to protect personal information and will submit that to the Court for its approval.

   b. To aid the parties, the parties agree to use the District's model protective order as a template: https://id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm

   c. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

**BIRCH HALLAM HARSTAD & JOHNSON**

/s/ Charles Johnson
Charles Johnson / Erika Birch
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date a true and correct copy of the forgoing pleading was served on the following via the CM/ECF system:

Bruce Castleton
Castleton Law, PLLC
10400 Overland Road #238
Boise, Idaho 83709
bruce@castletonlegal.com

/s/ Dunja Subasic
Dunja Subasic, of the firm

**11 | JOINT DISCOVERY PLAN**