Bruce J. Castleton      ISB No. 6915
CASTLETON LAW PLLC
10400 Overland Road #238
Boise, ID    83709
Telephone No. (208) 629-4590
Facsimile No. (208) 509-4814
bruce@castletonlegal.com
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLISON BUTLER,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF CALDWELL, CALDWELL POLICE DEPARTMENT, a municipality; CHIEF REX INGRAM, in his individual capacity; and MAYOR JAROM WAGONER, in his individual capacity.<br><br>          Defendants. | Case No. 1:25-CV-00067-DKG<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. No. 5)** |

Defendants City of Caldwell, Caldwell Police Department, Rex Ingram, and Jarom Wagoner, by and through their attorneys of record, the law firm of Castleton Law PLLC, answer Plaintiff's First Amended Complaint herein as follows:

1.      Defendants deny each and every allegation contained in Plaintiff's Amended Complaint not herein specifically and expressly admitted.   Defendants reserve the right to amend this and any other answer or denial stated herein, once it has had an opportunity to complete discovery regarding the allegations contained in Plaintiff's Amended Complaint.

**DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 1.**

2.      Answering paragraph 1 of Plaintiff's Amended Complaint, these Defendants need not admit or deny the statements made therein as the Amended Complaint speaks for itself.

3.      Answering paragraphs 2 and 3 of Plaintiff's Amended Complaint, these Defendants deny.

4.      Answering paragraph 4 of Plaintiff's Amended Complaint, these Defendants deny for lack of specific knowledge.

5.      Answering paragraph 5 of Plaintiff's Amended Complaint, these Defendants admit the City is a municipality but deny that the Caldwell Police Department is a municipality.

6.      Answering paragraph 6 of Plaintiff's Amended Complaint, these Defendants Admit.

7.      Answering paragraph 7 of Plaintiff's Amended Complaint, these Defendants admit.

8.      Answering paragraph 8 of Plaintiff's Amended Complaint, these Defendants need not admit or deny the statements made therein as the Amended Complaint speaks for itself.

9.      Answering paragraphs 9 and 10 of Plaintiff's Amended Complaint, these Defendants acknowledge that this Court has jurisdiction over properly pled matters involving the allegations therein; however, in making this acknowledgment, these Defendants do not admit that any such matters are actually properly pled in Plaintiff's Amended Complaint, or that the facts set forth in Plaintiff's Amended Complaint actually justify the exercise of such jurisdiction.   To the extent this Court has jurisdiction over these matters venue is proper.

10.     Answering paragraph 11 of Plaintiff's Amended Complaint, these Defendants admit that Plaintiff filed a charge of discrimination with the Idaho Human Rights Commission. Defendants deny the remaining allegations for lack of specific knowledge.

**DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT -  2.**

## GENERAL ALLEGATIONS

11.    Answering paragraph 12 of Plaintiff's Amended Complaint, these Defendants admit.

12.    Answering paragraph 13, of Plaintiff's Amended Complaint, these Defendants admit the allegations with the clarification that Ingram was hired by the City of Caldwell.

13.    Answering paragraphs 14 through 20 of Plaintiff's Amended Complaint, these Defendants deny.

14.    Answering paragraphs 21 of Plaintiff's Amended Complaint, these Defendants admit Ingram gave Plaintiff a shirt from his father's bar in Mexico. These Defendants deny the remaining allegations.

15.    Answering paragraph 22 of Plaintiff's Amended Complaint, these Defendants admit that Ingram introduced Plaintiff to Huff, and that during that conversation Ingram told Huff that Plaintiff's ex-husband worked at the Nampa Police Department. These Defendants deny the remaining allegations.

16.    Answering paragraphs 23 through 25 of Plaintiff's Amended Complaint, these Defendants deny.

17.    Answering paragraph 26 of Plaintiff's Amended Complaint, these Defendants assert that the CPD Policy speaks for itself. These Defendants deny the remaining allegations for lack of specific knowledge.

18.    Answering paragraph 27 of Plaintiff's Amended Complaint, these Defendants deny for lack of specific knowledge.

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT -  3.**

19.     Answering paragraph 28 of Plaintiff's Amended Complaint, these Defendants admit that Plaintiff informed Ingram she wanted to apply to the NPD. These Defendants deny the characterization of the reasons Plaintiff cited to Ingram as to why she wanted to leave the CPD.

20.     Answering paragraphs 29 through 32 of Plaintiff's Amended Complaint, these Defendants deny.

21.     Answering paragraph 25 of Plaintiff's Amended Complaint, these Defendants admit Plaintiff was given notice of potential disciplinary action, and admit that the decision was made solely by Chief Ingram.

22.     Answering paragraph 33 of Plaintiff's Amended Complaint, these Defendants deny for lack of specific knowledge.

23.     Answering paragraph 34 of Plaintiff's Amended Complaint, these Defendants admit.

24.     Answering paragraph 35 of Plaintiff's Amended Complaint, these Defendants deny for lack of specific knowledge.

25.     Answering paragraph 36 of Plaintiff's Amended Complaint, these Defendants admit.

26.     Answering paragraph 37 of Plaintiff's Amended Complaint, these Defendants deny.

27.     Answering paragraph 38 of Plaintiff's Amended Complaint, these Defendants admit the first two sentences but deny the remaining sentences.

28.     Answering paragraphs 39 and 40 of Plaintiff's Amended Complaint, these Defendants assert that the document cited speaks for itself.

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT -  4.**

29.    Answering paragraph 41 of Plaintiff's Amended Complaint, these Defendants admit that Plaintiff's suspension was less than Heinrich's, but deny that Plaintiff was given discipline that resulted in the consequences alleged.

30.    Answering paragraph 42 of Plaintiff's Amended Complaint, these Defendants assert that the document cited speaks for itself.

31.    Answering paragraphs 43 through 46 of Plaintiff's Amended Complaint, these Defendants deny.

32.    Answering paragraph 47 of Plaintiff's Amended Complaint, these Defendants admit.

33.    Answering paragraph 48 of Plaintiff's Amended Complaint, these Defendants deny Plaintiff's characterization of the meeting as alleged.

34.    Answering paragraph 49 of Plaintiff's Amended Complaint, these Defendants Admit.

35.    Answering paragraphs 50 through 51 of Plaintiff's Amended Complaint, these Defendants deny.

36.    Answering paragraph 53 of Plaintiff's Amended Complaint, these Defendants admit.

37.    Answering paragraph 54 of Plaintiff's Amended Complaint, these Defendants deny.

38.    Answering paragraph 55 of Plaintiff's Amended Complaint, these Defendants deny for lack of specific knowledge.

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT -  5.**

39. Answering paragraph 56 of Plaintiff's Amended Complaint, these Defendants admit only the following: that Ingram called the student "mija." Defendants deny all other allegations therein.

40. Answering paragraph 57 of Plaintiff's Amended Complaint, these Defendants deny.

41. Answering paragraph 58 of Plaintiff's Amended Complaint, these Defendants admit that the meeting took place but deny Plaintiff's characterizations of what was communicated during that meeting.

42. Answering paragraph 59 of Plaintiff's Amended Complaint, these Defendants deny for lack of specific knowledge.

43. Answering paragraph 60 of Plaintiff's Amended Complaint, these Defendants admit.

44. Answering paragraphs 61 and 62 of Plaintiff's Amended Complaint, these Defendants assert that these disciplinary documents speak for themselves.

45. Answering paragraph 63 of Plaintiff's Amended Complaint, these Defendants deny.

46. Answering paragraph 64 of Plaintiff's Amended Complaint, these Defendants assert that these disciplinary documents speak for themselves.

47. Answering paragraph 65 of Plaintiff's Amended Complaint, these Defendants deny.

48. Answering paragraphs 66 through 70 of Plaintiff's Amended Complaint, these Defendants deny for lack of specific knowledge.

**DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT - 6.**

49. Answering paragraph 71 of Plaintiff's Amended Complaint, these Defendants assert that the investigation report speaks for itself, including Plass's finding that Ingram's behavior did not constitute unlawful sexual harassment.

50. Answering paragraph 72 of Plaintiff's Amended Complaint, these Defendants admit.

51. Answering paragraphs 73 and 74 of Plaintiff's Amended Complaint, these Defendants deny.

52. Answering paragraph 75 of Plaintiff's Amended Complaint, these Defendants admit only subsection (c), and deny the remaining allegations.

53. Answering paragraphs 76 and 77 of Plaintiff's Amended Complaint, these Defendants deny.

54. Answering paragraph 78 of Plaintiff's Amended Complaint, these Defendants admit.

55. Answering paragraph 79 of Plaintiff's Amended Complaint, these Defendants deny.

56. Answering paragraphs 80 and 81 of Plaintiff's Amended Complaint, these Defendants deny for lack of specific knowledge.

57. Answering paragraph 82 of Plaintiff's Amended Complaint, these Defendants deny the conversation as alleged.

58. Answering paragraph 83 of Plaintiff's Amended Complaint, these Defendants admit only that Mayor Wagoner approved the vacation.

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT -  7.**

59.    Answering paragraph 84 of Plaintiff's Amended Complaint, these Defendants deny.

60.    Answering paragraphs 85 and 86 of Plaintiff's Amended Complaint, these Defendants deny.

61.    Answering paragraph 87 of Plaintiff's Amended Complaint, these Defendants deny for lack of specific knowledge.

62.    Answering paragraph 88 of Plaintiff's Amended Complaint, these Defendants deny the City denied Plaintiff any benefits.

63.    Answering paragraph 89 of Plaintiff's Amended Complaint, these Defendants deny.

64.    Answering paragraph 90 of Plaintiff's Amended Complaint, these Defendants admit.

65.    Answering paragraph 91 of Plaintiff's Amended Complaint, these Defendants admit.

66.    Answering paragraph 92 of Plaintiff's Amended Complaint, these Defendants deny.

67.    Answering paragraphs 93 and 94 of Plaintiff's Amended Complaint, these Defendants assert that these communications speak for themselves.

68.    Answering paragraphs 95 through 98 of Plaintiff's Amended Complaint, these Defendants deny.

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT -  8.**

## FIRST CAUSE OF ACTION

69.    Answering paragraph 99 of Plaintiff's Amended Complaint, which purports to repeat and incorporate prior allegations, to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

70.    Answering paragraphs 100 through 116 of Plaintiff's Amended Complaint, these Defendants deny.

## SECOND CAUSE OF ACTION

71.    Answering paragraph 117 of Plaintiff's Amended Complaint, which purports to repeat and incorporate prior allegations, to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

72.    Answering paragraphs 118 through 130 of Plaintiff's Amended Complaint, these Defendants deny.

## THIRD CAUSE OF ACTION

73.    Answering paragraph 131 of Plaintiff's Amended Complaint, which purports to repeat and incorporate prior allegations, to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

74.    Answering paragraphs 132 through 141 of Plaintiff's Amended Complaint, these Defendants deny.

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT -  9.**

## FOURTH AND FIFTH CAUSES OF ACTION

75.    Answering paragraph 142 of Plaintiff's Amended Complaint, which purports to repeat and incorporate prior allegations, to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

76.    Answering paragraph 143 through 147 of Plaintiff's Amended Complaint, these Defendants deny.

## SIXTH AND SEVENTH CAUSES OF ACTION

77.    Answering paragraph 148 of Plaintiff's Amended Complaint, which purports to repeat and incorporate prior allegations, to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

78.    Answering paragraphs 149 through 151 of Plaintiff's Amended Complaint, these Defendants deny.

## EIGHTH AND NINTH CAUSES OF ACTION

79.    Answering paragraph 152 of Plaintiff's Amended Complaint, which purports to repeat and incorporate prior allegations, and to the extent any response is required to such allegations, these Defendants reassert and incorporate by this reference its prior responses to all of such allegations.

80.    Answering paragraphs 153 through 157 of Plaintiff's Amended Complaint, these Defendants deny.

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT -  10.**

81.     Plaintiff's Amended Complaint last contains Plaintiff's requests for relief and to the extent any answer is required thereto, these Defendants deny the allegations contained therein, deny that Plaintiff has stated any valid cause of action, or that the Plaintiff is entitled to any of the relief requested therein.

## FIRST DEFENSE

That these Defendants have not been able to engage in sufficient discovery to learn all of the facts and circumstances relating to the matters described in the Plaintiff's Amended Complaint and therefore request the Court to permit these Defendants to amend their Answer and assert additional affirmative defenses or abandon affirmative defenses once discovery has been completed.

## SECOND DEFENSE

That the Plaintiff's Amended Complaint fails to state a cause of action against these Defendants upon which relief can be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

That the Plaintiff has failed to act reasonably or to otherwise mitigate Plaintiff's damages, if any.

## FOURTH DEFENSE

That the allegations contained in the Plaintiff's Amended Complaint do not rise to the level of a deprivation of rights which are protected by the Constitution or any of the legal provisions referred to in the Plaintiff's Amended Complaint.

**DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT -  11.**

**FIFTH DEFENSE**

That these Defendants acted in a reasonable and prudent fashion satisfying any duty, if any, that he owed under the rules, regulations, statutes, ordinances, customs, policies and usages of the City of Caldwell, Canyon County, the State of Idaho and/or the United States of America.

**SIXTH DEFENSE**

That these Defendants are immune from liability because the acts or omissions complained of, if any, were done by said these Defendants in good faith, with honest, reasonable belief that such actions were necessary and lawful at the time they occurred.

**SEVENTH DEFENSE**

That these Defendants are immune, or have qualified immunity, to the allegations contained in the Plaintiff's Amended Complaint.

**EIGHTH DEFENSE**

That the acts or omissions, if any, of these Defendants were privileged.

**NINTH DEFENSE**

All general immunities statutory or otherwise.

**TENTH DEFENSE**

That Plaintiff has failed to secure a bond as required by Idaho Code Section 6-610 for some individually named Defendants.

**ELEVENTH DEFENSE**

That Plaintiff has failed to adhere to the requirements of the Idaho Tort Claims Act and Idaho Code Section 50-219.

**DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT -  12.**

## ATTORNEY FEES

Defendants have been required to retain attorneys in order to defend this action and is entitled to recover reasonable attorney fees pursuant to federal and state law and applicable Rules of Civil Procedure.

WHEREFORE, these Defendants pray for judgment against the Plaintiff as follows:

1.      That the Plaintiff's Amended Complaint be dismissed with prejudice and that the Plaintiff take nothing thereunder.

2.      That these Defendants be awarded their costs, including reasonable attorney fees pursuant to state and federal law and the applicable Rules of Civil Procedure.

3.      That judgment be entered in favor of these Defendants on all claims for relief.

4.      For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 4th day of June, 2025.

CASTLETON LAW, PLLC


By */s/ Bruce J. Castleton*
BRUCE J. CASTLETON, Of the Firm
Attorneys for Defendants

**DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT -  13.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of June, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Erika Birch                                     erika@idahojobjustice.com
Chad Johnson                            chad@idahojobjustice.com
BIRCH HALLAM HARSTAD
& JOHNSON
1516 W. Hays St.
Boise, ID 83702
*Attorneys for Plaintiff*


                                                    */s/ Bruce J. Castleton*
                                                    BRUCE J. CASTLETON

**DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT -  14.**