Bruce Castleton, ISB #6915
CASTLETON LAW, PLLC
10400 Overland Road #238
Boise, ID 83709
Telephone: (208) 629-4590
Facsimile No. (208) 509-4814
Email: bruce@castletonlegal.com

*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLISON BUTLER,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF CALDWELL, CALDWELL POLICE DEPARTMENT, a municipality; CHIEF REX INGRAM, in his individual capacity; and MAYOR JAROM WAGONER, in his individual capacity,<br><br>        Defendants. | Case No. 1:25-cv-00067-DKG<br><br>**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS UNDER STIPULATED PROTECTIVE ORDER; ALTERNATIVE MOTION FOR PROTECTIVE ORDER UNDER F.R.C.P. RULE 26(c)** |

COME NOW Defendants City of Caldwell, Caldwell Police Department, Rex Ingram, and

Jarom Wagoner, by and through their attorneys of record, Castleton Law PLLC, and hereby move

the Court to designate all documents produced under subpoena by attorney investigator Doug Plass

under the Parties Stipulated Protective Order (Dkt. No. 14), or, in the alternative, move the Court

for a protective order under Rule F.R.C.P. Rule 26(c) prohibiting the disclosure of those Plass

documents to the public.

## BACKGROUND

This case stems from Plaintiff's allegations of gender discrimination and other related

claims against Defendant Rex Ingram relating to Plaintiff's former job as a patrol officer in the

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS
UNDER PROTECTIVE ORDER  - 1.**

Caldwell Police Department.  In January 2024, Plaintiff made a formal complaint against Ingram, in response to which the City hired an outside attorney, Doug Plass, to conduct an external investigation into the allegations against Ingram.  Plass's investigation concluded in March 2024 when he submitted an investigation report to the City.  This investigation report was the only document Plass provided to the City, though as part of his investigation and following it he preserved all email communications he had with City employees, kept notes of his interviews with witnesses, kept the interview recordings, and other similar documents. None of these were provided to the City.

Following this Court's Order on Plaintiff's Motion to Compel (Dkt. No. 29), which ruling found that Plass's report was not attorney work product and therefore discoverable by the Plaintiff, Plaintiff's counsel thereafter subpoenaed Plass for all investigation materials he had related to his investigation of Butler's complaint.  Shortly after that subpoena this case was mediated and settled, though the issue of the confidentiality of the Plass materials was not resolved by that settlement.

As a part of the Parties' settlement they have agreed to allow the Court to determine whether the materials Plass provided in response to the subpoena—including his investigation report that was previously given to the City in March 2024 following his investigation—can be designated as confidential by the Defendants under their Stipulated Protective Order.  It should be noted that when the City produced this Plass Report in response to the Court's Order on Plaintiff's Motion to Compel, the City did designate the report as confidential under the Stipulated Protective Order.

The City thereafter designated the remaining portions of the Plass Materials as Confidential under the Stipulated Protective Order on May 12, 2026 under Paragraph 11 of the Stipulated Protective Order (Dkt. No. 13, p. 9).

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS**
**UNDER PROTECTIVE ORDER  - 2.**

The Plass materials (hereinafter "Plass Materials") include the following documents:

1. Witness admonishments

2. Email communications between Plass and City employees regarding the investigation

3. Engagement letter from Plass and billing records

4. Plass notes of witness interviews

5. All documents reviewed by Plass in his investigation, which include some materials from personnel files of City employees other than Plaintiff

6. Plass's internal notes, primarily regarding his communications with City Attorney Mark Hilty and the scope of the investigation, Plass's notes in preparation for some interviews, and his notes made while reviewing one audio recording of a meeting with Plaintiff and police department leadership

7. Notes of a conversation Plass had with City Attorney Mark Hilty regarding one of Plass's conclusions and the scope of the investigation

8. Witness interview recordings

9. The Plass Investigation Report provided to the City in March 2024

## ARGUMENT

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In fact, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Additionally, if the documents at issue are attached to a non-dispositive motion — such as a discovery motion — the usual presumption of the public's right of access is rebutted. *Kamakana*

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS**
**UNDER PROTECTIVE ORDER - 3.**

*v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).  When a court grants a protective order for information produced during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Kamakana, 447 F.3d at 1180.  A particularized showing under the "good cause" standard of Federal Rule of Civil Procedure 26(c) will suffice to warrant preserving the secrecy of discovery material attached to non-dispositive motions. *Id.*

For discovery materials filed with non-dispositive motions, Federal Rule of Civil Procedure 26(c) permits a court to issue a protective order "for good cause" to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense."  Under this standard, the court follows a three-step analysis articulated in *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011):

First, the court must determine whether "particularized harm will result from disclosure of information to the public."  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.  The party seeking protection must "allege specific prejudice or harm." *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Second, if particularized harm is shown, the court balances the public and private interests to decide whether a protective order is necessary, considering the factors identified in *Glenmede Trust Co. v. Thompson*. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425  (9th Cir. 2011); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002).

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS**
**UNDER PROTECTIVE ORDER  - 4.**

Third, even where those factors favor protection, the court must consider whether redaction — rather than complete sealing — will adequately protect the sensitive interests. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d at 425; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003). If sensitive material can be redacted and the remainder disclosed, full sealing is not warranted.

### A.      The Plass Materials Are Subject to the Stipulated Protective Order

The parties have stipulated that there may documents or information produced during discovery that contain "confidential, proprietary, trade, secret, or commercially or personally sensitive information" that may be subject to protection under Federal Rule of Civil Procedure 26(c). Stipulated Protective Order (Dkt. No. 13, p. 4). Furthermore, the Protective Order provides that "[e]ach party reserves the right to dispute the confidential status of documents or information claimed by any other party or subpoenaed party." *Id.* at 5. And, Paragraph 2 of the Stipulation specifies: "The parties, and third parties subpoenaed by one of the parties, may designate as 'Confidential' documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards." Dkt. No. 13, p. 5. Thus, the City is entitled under the Stipulation to designate the Plass materials as Confidential if Plass would have a good faith basis for asserting the material as confidential. And so, the ultimate question is whether there is a good faith basis for confidentiality in the Plass Materials.

In addressing this ultimate question of whether the Plass Materials are entitled to confidentiality, it is critical to keep in context that although Dough Plass is a third party, the entirety of the work he performed was at the request of and on behalf of the City of Caldwell. He was specifically contracted by the City to perform work for the City, and the nature of the work he

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS**
**UNDER PROTECTIVE ORDER  - 5.**

performed—a personnel investigation into City employees, the purpose of which was to help the City determine if personnel action needed to be taken against one or more City employees—was solely for the benefit of the City.  In other words, Plass's role as a third-party investigator should be viewed the same as if the City had conducted an internal investigation done by a City employee, as the work and the interests at stake are the very same.  Thus, Plass's status as a third party— whose materials had to be obtained by subpoena instead of through discovery responses to the City—does not take the scope of his work out of the realm of the City's own inherent interests.

### B.     The Plass Materials Are Confidential

As to whether the materials are entitled to confidentiality, Defendants assert that first, under Idaho law, the documents are exempt from disclosure to the public.  Under the Idaho Public Records Act, documents relating to a public employee's employment are exempt under I.C. § 74-106(1) which exempts "[a]ll other personnel information relating to a public employee or applicant, including but not limited to information regarding sex, race, marital status, birth date, home address and telephone number, social security number, driver's license number, applications, testing and scoring materials, grievances, correspondence and performance evaluations…."  The Plass Materials—and the Investigation Report in particular—are clearly relating to Defendant Ingram who was the subject of the Plass investigation.  All information contained in the Plass Materials are "relating to" Ingram in the context of this personnel investigation.

It should be noted here that during the course of litigation in this case the City of Caldwell has produced to Plaintiffs in discovery numerous personnel files—including that of Defendant Ingram—and have marked all of them as Confidential under the Stipulated Protective Order. Plaintiff has objected to none of these designations.  To object now to the Plass Investigation Report and the Plass Materials being confidential is entirely contradictory to these prior

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS**
**UNDER PROTECTIVE ORDER  - 6.**

allowances.  The Plass Investigation Report and the Plass Materials created and/or relied upon as part of the investigation effort are no less "personnel information relating to" Defendant Ingram than the written disciplinary Notice Ingram received as a result of the Plass Investigation, which Notice is confidential under the Stipulated Protective Order without objection from Plaintiff.  It is counterintuitive to protect the personnel action taken as a result of the investigation but to make the investigation report itself open to the public.  The Plass Materials are squarely representative of the types of materials that the Idaho Open Records Act is meant to protect from public disclosure.

Defendants also assert here that to the extent Plass's role as a third-party investigator changes the applicability of the Idaho Open Records Act provisions regarding an employee's file, such a distinction should be discarded on the basis that if having a third-party investigator defeats any privacy created by I.C. § 74-106(1), then any benefit to public employers—and more importantly, public employees—in having a person outside the public entity doing the investigation would be overcome by losing any privacy in the process, and public employees would lose the benefit of having an outside investigator providing a fresh, unbiased investigation of the issues affecting the employee.  No public employee would be able to have an outsider investigate their claims because there would be no privacy in the process.

As such, there is a clear basis for these documents to be designated as confidential under the terms of the Parties' Stipulated Protective Order.

### C.    **Good Cause Standard**

#### 1.    Particularized Harm

Going to the factors for good cause, and with respect to the potential harm caused by the disclosure of these materials, most prevalent here is the clear effect such a ruling would have on

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS**
**UNDER PROTECTIVE ORDER  - 7.**

employment investigations in the state of Idaho. Such investigations are done with the presumption and expectation of privacy. Both the complainant and the accused have an expectation that an employment investigation into alleged misconduct will be done with confidence so as not to subject the complainant to harassment or ostracization because he or she made the complaint, and to protect the presumed innocence of the accused while the investigation is conducted. It is also done to protect those who act as witnesses who themselves could face retaliation or harassment for their participation. Making investigative materials public would serve not only to discourage trust in the confidentiality of the process, but more damagingly, it would serve to dissuade the employer from having investigations done in the first place. Not being able to ensure the confidentiality of the investigative report and the investigative materials would serve to persuade employers to do less formal and less structured investigations in order to avoid having those investigations become public. It could also serve to discourage them from doing investigations at all. Making the tools of an effective employment investigation public undermines the efficacy of the process itself.

Parties in litigation have historically included documents similar to those in the Plass Materials under stipulated protective orders recognizing their relevance in litigation while preserving the ultimate confidentiality of those records from the public. Undoing that confidentiality—even in redacted form—will serve to wholly undermine the confidentiality of that process as a whole. The Idaho Legislature has seen fit to exclude these documents from public view while preserving an Open Records Act that creates wide availability of public records. This exemption speaks to the inherently sensitive nature of these investigations and the privacy interests involved.

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS**
**UNDER PROTECTIVE ORDER  - 8.**

2. <u>Public Versus Private Interests</u>

While it can be argued that the public release of an investigative report into alleged misconduct by a municipal chief of police is in the public's interest, to hold as much without any further analysis would be improper. Because if disclosing such an investigative report is in the public's interest simply because this is a public employee, then there is no reason why the public disclosure of the disciplinary actions of every public employee in the state is not also in the public's interest. And the question then becomes whether a public employee has given up any expectation to privacy in their employment when it comes to misconduct, whether alleged or proven. In other words, if the Court removes the cloak of confidentiality for the Plass Materials simply because Defendant Rex Ingram is a public employee, how does that not serve to remove the cloak for every other public employee in the state as well. And then the question arises whether that action is actually in the best interests of the public.

Defendants assert that the privacy interests of all public employees of the state outweigh the public's interests in seeing the Plass Materials. More so, the interests of public employers across the state in being able to effectively manage their employees through the employment investigative process outweighs the public interests in seeing the Plass Materials. Making this sensitive and confidential process open to the public carries the substantial risks identified above, and would serve to change the public employer's approach to these employment investigations, and in ways that would not likely benefit the employer or the employee.

3. <u>Redactions</u>

These Defendants assert that redactions of the Plass Materials would not adequately protect the sensitivity of this or other employment investigation processes. Redacting names does not adequately serve to preserve the privacy of those who were interviewed in this process or to protect

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS**
**UNDER PROTECTIVE ORDER  - 9.**

the information they gave.  The facts of this case are similar to many other like cases—the allegations and factual information can be gleaned from what is unredacted sufficient to give those familiar with the situation knowledge of who said what to the investigator.  This then inevitably subjects the public employer to claims of retaliating against those who participated in the process, redaction of names notwithstanding.  Whereas complete confidentiality of the record does not result in this predicament.

More so, redactions do not serve to preserve the confidentiality of the process itself, and would still undermine trust in the process both by those who need to use it in filing complaints and those who are accused.

Thus, Defendants assert that there is good cause for the Plass Materials to be designated as Confidential and not subject to public disclosures.

D.   **The Plass Materials Qualify for a Protective Order under Federal Rule of Civil Procedure 26(c)**

Alternatively, if the current Stipulated Protective Order does not apply to the Plass materials, they qualify for a new protective order under F.R.C.P 26(c).  Despite Defendants not being the recipient of the subpoenas regarding the Plass materials (with the exception of the Plass Investigative Report), they have standing to request that the Plass materials be protected under F.R.C.P. 26(c).  "Although typically only the recipient of a subpoena has standing to assert objections, '[a] party has standing to challenge a subpoena issued to third parties where its own interests may be implicated.'" *Cabell v. Zorro Prods., Inc.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013) (citation omitted).  In fact, "Fed.R.Civ.P. 26(c)(1) permits a party to seek a protective order from the presiding court in order to restrict the party seeking discovery from pursuing certain requests on third parties." *Id.*  Although Plaintiff served a subpoena to Plass, who is not a party of the case,

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS**
**UNDER PROTECTIVE ORDER  - 10.**

Defendants still have standing to move this Court to enter a protective order regarding the Plass

materials because the subpoena seeks confidential information implicating Defendants' privacy

interests.

Defendants have asserted their basis for good cause above and ask the Court to find the

Plass Materials subject to a protective order in the event the Court determines they do not qualify

for inclusion under the Parties' Stipulated Protective Order.

DATED this 22nd day of May, 2026.

CASTLETON LAW, PLLC.

*/s/ Bruce J. Castleton*
BRUCE J. CASTLETON, Of the Firm
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of May, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Erika Birch
Chad Johnson
BIRCH HALLAM HARSTAD &
JOHNSON
1516 W Hayes St
Boise, ID 83702
*Attorneys for Plaintiff*

erika@idahojobjustice.com
chad@idahojobjustice.com

*/s/ Bruce J. Castleton*
BRUCE J. CASTLETON

**DEFENDANTS' MOTION TO DESIGNATE DOCUMENTS
UNDER PROTECTIVE ORDER  - 11.**