Bruce Castleton, ISB #6915
CASTLETON LAW, PLLC
10400 Overland Road #238
Boise, ID 83709
Telephone: (208) 629-4590
Facsimile No. (208) 509-4814
Email: bruce@castletonlegal.com

*Attorney for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALLISON BUTLER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF CALDWELL, CALDWELL POLICE DEPARTMENT, a municipality; CHIEF REX INGRAM, in his individual capacity; and MAYOR JAROM WAGONER, in his individual capacity,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00067-DKG<br><br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER STIPULATED PROTECTIVE ORDER; ALTERNATIVE MOTION FOR PROTECTIVE ORDER UNDER F.R.C.P. Rule 26(c)** |

COME NOW Defendants City of Caldwell, Caldwell Police Department, Rex Ingram, and Jarom Wagoner, by and through their attorneys of record, Castleton Law PLLC, and hereby submit their Memorandum in Reply to Plaintiff's Opposition to Defendant's Motion to Designate Documents under Stipulated Protective Order and Alternative Motion for Protective Order under F.R.C.P. Rule 26(c) (Dkt. No. 35). For the reasons stated herein and in Defendants' Motion, the Motion should be granted.

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER  - 1.**

## ARGUMENT

1. **Plaintiff's Claim that the City has Created a False Narrative about the Plass Report that Needs to be Corrected is itself Entirely False.**

Plaintiff's main rationale for seeking to have the Plass Report Materials made available to the public is her assertion that the City has created a false and misleading public narrative about what the Plass Report found against Chief Ingram, and that the public needs to see the Plass Materials in order to be fairly disabused of this wrong narrative. In support of this assertion Plaintiff argues that following the filing of Plaintiff's Complaint in this present case in February 2025, City officials (the Mayor and Police Chief) held a press conference and submitted a news release in which they stated that the lawsuit was "not factual" and that the City was "confident in Chief Ingram's leadership and professionalism." Dkt. No. 35, p. 3.

However, these statements in no way referred to the Plass Report or any investigation involving Ingram, nor did they make any statement, suggestion, or inference that any investigation and/or report had vindicated Ingram in any manner. Yet despite this Plaintiff thereafter asserts in her Opposition that the "Defendants have gone out of their way to hide the findings from the [Plass] investigation of Off. Butler's complaints against Chief Ingram," and have "misrepresented those findings and misled the public… into believing that the investigation did not support Off. Butler's allegations." *Id.* at p. 4. But Plaintiff's assertions here are themselves wholly misrepresentative and do not reflect any actual statement made by any City official regarding the Plass investigation or what resulted from it with regards to Ingram or any other person. At no time other than in its Answer (*see below*) to the Plaintiff's Complaint did the City ever make any representation regarding what the Plass investigation itself contained or the conclusions it reached.

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER - 2.**

Plaintiff largely ignores the main basis as to why she sought to have the Plass report produced over Defendant's claims of attorney work product: that the City intended to rely upon the Plass report under *Fargher/Ellerth* and the City was asserting it had properly investigated Butler's complaints and that Ingram had been disciplined as a result.  In asserting this defense the City not only acknowledged that the Plass report had found some wrongdoing against Ingram in this litigation, but the City produced Ingram's disciplinary records early on to Plaintiff without objection by the City under the stipulated protective order, which included his 2-day suspension that occurred directly as a result of the Plass investigation. This Notice of 2-Day Suspension Without Pay clearly stated the discipline against Ingram and the reasons for it.  It also clearly stated that the discipline was the result of the investigation that had been done into complaints made against him.  The City has never made any statement to Plaintiff or to the public that Ingram was not disciplined as a result of the Plass investigation as evidenced in this document.

Regardless of whether Plaintiff agrees with the punishment given to Ingram, the fact remains that the City never communicated that the Plass report completely vindicated Ingram or that he was not disciplined as a result of it.  Moreso, Plaintiff references the Defendants' statement in their Answer that the "Plass investigation report 'speaks for itself, including Plass's finding that Ingram's behavior did not constitute unlawful sexual harassment,'" Dkt. No. 35-1, ¶ 5 (quoting the Defendants' Answer, Dkt. No. 18, at ¶ 49).  Plaintiff then claims that this statement is misleading by the City.  But this is no way a misrepresentation of the Plass Report, where this exact language and finding is taken directly from the Plass Report itself, (Dkt. No. 35-6 (**sealed**)), pp. 3, 54, 55,

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER  - 3.**

57. [1] Thus, the statement in Defendants' Answer is true and in no way created any false narrative about the Plass Report.

Additionally, the fact that Ingram made general statements regarding his contesting allegations made by Plaintiff did not create any false narrative regarding the Plass report as alleged. To be clear, Plaintiff did in fact allege in her lawsuit that Ingram had violated federal anti-discrimination laws against her, a finding contrary to the Plass Report and one that has not been admitted by any Defendant or adjudicated by any court or jury. Thus, Ingram had a fundamental right to voice his own personal views of the lawsuit, and at no time did he refer to the Plass Report or any other investigation against him. Thus, he created no narrative about the Plass Report in his statements.

The City has never made any statement as to the content or results of the Plass report that are inaccurate or misleading. Thus, Plaintiff's assertions that the Defendants have "gone out of their way to hide the findings," that the Defendants have "misled the public," or that "the public has been fed a false narrative about the Plass investigation findings and conclusions by the Defendants themselves" are completely false and cannot serve as the basis to make the Plass report available to the public. Plaintiff has not produced a single instance of when any Defendant made any statement regarding the Plass Report that is inaccurate, misleading, or otherwise false. Thus, her opposition is wholly without merit.

---

[1] The City is extremely hesitant to identify any particular information in the Plass Report where it is attempting to keep the report confidential through this very motion. However, Plaintiff's repeated inaccurate representations of what the Plass Report found make it necessary to do so here in order to fairly and adequately maintain Defendants' Motion. To be clear, the Plass Report found that "Ingram's behavior did not constitute unlawful sexual harassment," and yet Plaintiff is contending as the crux of her Opposition to this Motion that this statement is false and misleading as to what the Plass Report found. Thus, Defendant's references here in argument cannot fairly be taken as any waiver of the confidentiality of the Report.

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER  - 4.**

2.   **Defendants Did Not Waive Rule 26(c) Protection by Not Immediately Objecting Before Plass Produced his Materials.**

Plaintiff argues Defendants forfeited confidentiality because defense counsel initially stated he had no objection to the subpoena and Plass did not mark the materials confidential when he produced them. After the Defendants produced the report as ordered by the Court, defense counsel stated that he "ha[d] no objection to the subpoena you sent me to review back on 2/10." That argument conflates relevance/production with confidentiality and public dissemination. A party may agree that documents can be produced in discovery while still maintaining that the documents should be used only under confidentiality restrictions. Rule 26(c) contains no waiver rule barring a party from seeking protection after a third-party production when confidentiality concerns become concrete. To the contrary, the Rule authorizes a party or affected person to seek an order protecting against embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c)(1).

And significantly here, Plaintiffs were clearly on notice that the Defendants deemed the Plass Investigation to be confidential, as, in response to the Court's Order compelling the Defendants to produce the Plass Report Defendants did so, marking the Report as CONFIDENTIAL to clearly indicate it fell within the stipulated protective order. Thus, Defendants not immediately objecting to the confidentiality of the Plass Materials—which were being produced by Plass, not the City—did not serve as a waiver of confidentiality by the City, which has already indicated it deemed the report—and, by logical extension, any materials related to it—to be confidential.

3.   **Plaintiffs Arguments Regarding Settlement Communications are Irrelevant, as No Agreement was Ever Made**

Plaintiff cites to communications made during the settlement process in an attempt to argue that the Defendants agreed to the production of the Plass Report. The simple fact here is that the

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER  - 5.**

Defendants did not fully agree to this, but the Parties have agreed to have this Court resolve this issue. Thus, communications made in settlement are not relevant, nor should the Court consider them. In arguing for this the Plaintiff is attempting to nullify the agreement she did make with the Defendants in favor of an agreement that was never reached. Thus, it is irrelevant.

### 4. Good Cause Plainly Exists to Keep Plass Materials Confidential.

#### A. Confidentiality is Reinforced by Idaho Law

Plaintiff contends that Idaho's Public Records Act is irrelevant because it does not dictate federal discovery. Defendants agree that federal discovery law governs this motion. But Idaho law remains relevant to the Court's good-cause balancing because it reflects the State's policy judgment that personnel and private employee information should not be publicly disclosed. Idaho Code § 74-106 exempts from public disclosure "all personnel records of a current or former public official" except specified employment-history and compensation information, and it further provides that "all other personnel information relating to a public employee," including grievances, correspondence, and performance evaluations, "shall not be disclosed to the public without the employee's or applicant's written consent." Idaho Code § 74-106. Section 74-106 also protects personal data identifiers, certain law-enforcement officer residential information, and other private records. Id.

Idaho Code § 74-115 confirms the point. The Public Records Act does not limit ordinary discovery in judicial proceedings, but it also may not be used to supplement, augment, substitute, or supplant discovery procedures in federal proceedings. Idaho Code § 74-115. Thus, Idaho law does not block Plaintiff from obtaining discoverable materials for litigation use; it supports restricting public dissemination of materials that Idaho would otherwise shield from public-records disclosure.

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER - 6.**

That approach is consistent with federal law.  In *Timothy*, this Court observed that state-law privileges are not binding in a federal-question case, but state confidentiality policies can be useful referents and may be accommodated where doing so does not impair federal rights. *Timothy*, Case No. 4:14-cv-00362-BLW.  Here, protection has not impaired Plaintiff's ability to litigate, which process has now concluded. But confidentiality would merely restrict public dissemination of personnel and investigation materials obtained through discovery.

### B.      Particularized Harm

Plaintiff argues Defendants rely on generalized concerns about workplace investigations with respect to potential harm.  The record shows otherwise.  The Plass materials are not generic public-policy documents; they are the product of a confidential personnel investigation into allegations involving a police department and its employees.  Plaintiff's own opposition describes the materials as including witness interviews, exhibits, factual findings, credibility determinations, and conclusions regarding policy violations. Plass interviewed fourteen (14) witnesses and reviewed 26 exhibits as part of his investigation.  Ultimately Plass made factual findings, credibility determinations, and conclusions regarding policy violations which he compiled into a report.  Plaintiff further acknowledges that the parties discussed concerns about disclosure of the identity of third-party witnesses, including witnesses who still worked for CPD under Chief Ingram.  Counsel then discussed concerns surrounding the disclosure of the identity of the third-party witnesses interviewed by Plass (some of whom still worked for CPD under Chief Ingram).

That is a particularized harm.  The public disclosure of witness identities, interview content, and the factual and legal issues analyzed and conclusions made in an internal police-department employment investigation risks embarrassment, workplace disruption, retaliation concerns, reputational harm, chilling of future employee cooperation, and unnecessary exposure

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER  - 7.**

of personnel matters unrelated to any adjudicated merits issue.[2]  Rule 26(c) expressly permits protection from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The Supreme Court has recognized that discovery can "seriously implicate privacy interests of litigants and third parties" because discovery may obtain information that, if publicly released, could damage reputation and privacy. *Seattle Times*, 467 U.S. at 21.

District of Idaho authority confirms the Court's broad discretion.  In *Timothy v. Oneida County*, this Court explained that Rule 26(c) authorizes protective orders and that Seattle Times confers "broad discretion" and "substantial latitude" on trial courts to decide when protection is appropriate. *Timothy v. Oneida Cnty.*, Case No. 4:14-cv-00362-BLW (D. Idaho May 18, 2016). Although *Timothy* declined to prohibit certain questioning on the narrow facts presented there, it recognized that federal courts may accommodate state confidentiality policies and must consider the specific harms flowing from disclosure. *Id*.

Plaintiff's proposed public release would have absolutely no relevance or use in this actual litigation, which is complete.  Rather, it would simply make an internal employment investigation available to the public at large, including allegations, witness statements, credibility assessments, conclusions, and sensitive workplace context. Good cause exists to prevent that harm.

## 5.   **Public Interest Does Not Outweigh the Private Interests of Public Employees in Disciplinary Matters.**

Plaintiff relies heavily on the public's interest in this litigation.  Defendants do not dispute that the case has drawn public attention.  But public attention does not transform discovery materials into public records, nor does it eliminate the Court's Rule 26(c) authority.  The Supreme Court's decision in *Seattle Times* is controlling. Discovery is "a matter of legislative grace," and

---

[2] Where, again, this case has been resolved and none of these issues will be coming before a judge or jury.

DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER  - 8.

"[a] litigant has no First Amendment right of access to information made available only for purposes of trying his suit." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 21 (1984). The Court emphasized that pretrial depositions and interrogatories are not public components of a civil trial and that restraints on discovered information are not restraints on a traditionally public source of information. *Id*. Protective orders therefore serve the substantial governmental interest in preventing abuse of the discovery process and protecting privacy. *Id*.

In considering this element, it is important to first reiterate that Plaintiff has not established any false narrative regarding the Plass Report that needs to be rectified. *See* Section 1 above. Thus, this is not a question of repairing any injustice or wrongdoing on the public. Rather, this is simply a matter of whether the public has a right to see these records.

Second, it is further important to note that this lawsuit is effectively over with the exception of this one remaining matter. Defendants state this to point out that none of these matters are being litigated before this Court or a jury, nor will they be now that the case has settled. Thus, there is no evidentiary value to any of the Plass Materials any longer. The only question raised by the Plaintiff here is, again, whether the public has a right to view a confidential personnel matter that would normally be kept from public view in every other lawsuit of this nature.

Thus, the question of whether the public has a right to view a confidential personnel matter as a matter of right should weigh heavily in favor of the employee, not the public. As argued in Defendants' Memorandum in Support of their Motion (Dkt. No. 34, pp. 7-9), making these types of investigation reports and materials open to the public would create numerous disincentives in public employment that would frustrate the personnel process in general. There is a distinct and critical element to the confidentiality of these proceedings that enables an employer to conduct these types of investigations into complaints in a sensitive but fair manner. Complaints can be

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER - 9.**

unfounded and investigations can be imperfect.  An investigator in these instances is likely not a professional investigator, nor are his or her conclusions infallible.  Knowing that such a process could be opened to the public defeats the benefits conferred by confidentiality, even if the Court were to limit this to just those instances when wrongdoing is found. As stated above, not all wrongdoing alleged by Plaintiff against Ingram was determined to be founded by Plass.

**6.    Redactions Do Not Adequately Resolve All Concerns Raised by the Defendants.**

Defendants refer to their Memorandum in Support of this Motion to reiterate their arguments against redactions here.  Additionally, the workplace setting matters.  In a police department, witness identities and roles may be inferred from context, chronology, rank, assignment, or described events.  Redacting names does not serve to fully protect the witness or employee.  Plaintiff's acknowledgment that some witnesses remain employed under Chief Ingram underscores why a simple redaction solution is insufficient.

**CONCLUSION**

For the reasons stated herein, Defendants' Motion to Designated Documents Under the Parties' Stipulated Protective Order or, in the Alternative, Motion for Protective Order Under F.R.C.P. Rule 26(c) should be granted.

DATED this 26th day of June, 2026.

CASTLETON LAW, PLLC.

*/s/ Bruce J. Castleton*
BRUCE J. CASTLETON, Of the Firm
Attorneys for Defendants

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER  - 10.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 26th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Erika Birch                                              erika@idahojobjustice.com
Chad Johnson                                        chad@idahojobjustice.com
BIRCH HALLAM HARSTAD &
JOHNSON
1516 W Hayes St
Boise, ID 83702
*Attorneys for Plaintiff*

                                                            */s/ Bruce J. Castleton*
                                                            BRUCE J. CASTLETON

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DESIGNATE DOCUMENTS UNDER PROTECTIVE ORDER  - 11.**